| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 56 2/86 | CRIMINAL DOCKET— U.S. District Court | PO ☐ 0648 02 Assigned 4817 Disp./Sentence | ☐ WRIT ☒ JUVENILE ☒ ALIAS | U.S. VS. (LAST, FIRST, MIDDLE) HEAD, Dwayne E. | Case Filed Mo. Day Yr. 07 20 89 | Docket No. 00154 | |
| | Misd. ☐ Felony ☒ | District Off Judge/Magistr. | OFFENSE ON INDEX CARD | | No. of Def's * ● U.S. MAG. CASE NO. | | |

**I. CHARGES**

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISM. |
|---|---|---|---|
| 21:841(a)(1) and 18:2 | Distribution of Sched II Sub (crack) CT 1, 3, 4 | 3 | |
| 21:856(a)(2) and 18:2 | Making available a residence for use in drug trafficking  CT 2 | 1 | |

FILED  07-PT-348-TFH
MAY 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**II. KEY DATE**

- INTERVAL ONE — KEY DATE / EARLIEST OF: ☐ arrest ☐ sum'ns ☐ custody ☐ appears—on complaint
- END ONE AND/OR BEGIN TWO — KEY DATE 7/20/89 APPLICABLE: ☒ Indictment filed/unsealed ☐ consent to Magr. trial on complaint ☐ Information ☐ Felony W/waiver
- KEY DATE: a) ☐ 1st appears on pending charge /R40  b) ☐ Receive file R20/21  c) ☐ Supsdg ☐ Amdt ☐ Inf  d) ☐ Order New trial  e) ☐ Remand  f) ☐ G/P Withdrawn
- SUPERSEDING COUNTS
- END INTERVAL TWO — KEY DATE APPLICABLE: ☐ Dismissal ☐ Pled guilty / Nolo (After) ☐ Trial (voir dire) ☐ Jury ☐ N.J.

| 1st appears with or waives counsel | ARRAIGNMENT | 1st Trial Ended | RE-TRIAL | 2nd Trial Began | DISPOSITION DATE | SENTENCE DATE | PTD Nolle Pros. | FINAL CHARGES DISMISSED ☐ on S.T. ☐ on grounds ☐ W.P. ☐ WOP |

**III. MAGISTRATE**

| | DATE | INITIAL/NO. | INITIAL APPEARANCE DATE ▸ | INITIAL/NO. | OUTCOME: |
|---|---|---|---|---|---|
| Search Warrant — Issued / Return | | | PRELIMINARY EXAMINATION OR REMOVAL HEARING — Date Scheduled / Date Held | | ☐ DISMISSED  ☐ HELD FOR GJ OR OTHER PROCEEDING IN THIS DISTRICT |
| Summons — Issued / Served | | | | | ☐ HELD FOR GJ OR OTHER PROCEEDING IN DISTRICT BELOW |
| Arrest Warrant Issued | | | ☐ WAIVED  ☐ NOT WAIVED  Tape Number | | |
| COMPLAINT ▸ | | | ☐ INTERVENING INDICTMENT | | |
| Date of Arrest | OFFENSE (In Complaint) | | | | |

Show last names and suffix numbers of other defendants on same indictment/information:

RULE ☐ 20 ☐ 21 ☐ 40 ☐ In

**IV. ATTORNEYS**

U.S. Attorney or Asst.

Mike Burns

Defense: 1 ☒ CJA.  2 ☐ Ret.  3 ☐ Waived.  4 ☐ Self.  5 ☐ Non/Other.  6 ☐ PD.  7 ☐ CID

Terry K. Sherman
52 W. WHITTIER ST
COLUMBUS OHIO 43206
444-8800    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

**BAIL ● RELEASE**

PRE-INDICTMENT
- Release Date
- ☐ Bail Denied
- AMOUNT SET $
- Date Set
- ☐ Bail Not Made
- Date Bond Made
- ☐ Fugit ☐ Pers. ☐ PSA ☐ Conditions ☐ 10% D ☐ Surety ☐ Collate ☐ 3rd Pr ☐ Other

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN MY OFFICE
ON 7/20/89 - 2/14/06
JAMES BONINI, CLERK
BY: [signature]  Deputy Clerk
DATE: 4/25/07

POST-INDICTMENT
- Release Date
- ☐ Bail Denied
- AMOUNT SET $
- Date Set
- ☐ Bail Not Made
- Date Bond Made
- ☐ Fugit ☐ Pers. ☐ PSA ☐ Conditions ☐ 10% D ☐ Surety ☐ Collate ☐ 3rd Pr ☐ Other

APPEALS FEE PAYMENTS

**FINE AND RESTITUTION PAYMENTS** | Docket Entries Begin On Reverse Side

| DATE | RECEIPT NUMBER | C.D. NUMBER | DATE | RECEIPT NUMBER | C.D. NUMBER |
|---|---|---|---|---|---|
| | | | | | |

| DATE DOCUMENT NO. | | V. PROCEEDINGS |
|---|---|---|
| 7-20-89 | 1 | INDICTMENT |
| 8-25-89 | 2 | Deft motion for discovery per Rule 16 |
| 8-31-89 | | ARRAIGNMENT: Deft pleaded NOT guilty to Counts 1,2,3 & 4; trial date set for 10/11/89 |
| 9-6-89 | 3 | Gover's response to #2 |
| 9-15-89 | 4 | Deft Motion for extension of time to file motions |
| 9-15-89 | 5 | Deft Motion to adopt co-defendants' motions |
| 9-15-89 | 6 | Deft Motion for hearing re. conspiracy/co-conspiator statements |
| 9-15-89 | 7 | Deft Motion for disclosure of Rule 404(b) evidence |
| 9-15-89 | 8 | Deft Motion for suppression |
| 9-15-89 | 9 | Deft Motion for disclosure of impeaching information |
| 9-15-89 | 10 | Deft Motion to compel |
| | | (Motions 4-10 all have accompanying request for oral hearing) |
| 9-21-89 | 11 | Govern Response to #7 |
| 9-21-89 | 12 | Govern Response to #6 |
| 9-21-89 | | Trial date reset for 10/25/89 due to arraignment of 3 co-defendants |
| 10-25-89 | 13 | Order pursuant to motion of co-deft #5 to continue trial date to 12/5/89 |
| 10-31-89 | 14 | Goevrn RESPONSE to defendant's Motion for disclosure & impeaching inform.(#7,#9) |
| 10-31-89 | 15 | Govern RESPONSE to defendant's Motion to suppress (#8) |
| 12-4-89 | 16 | PLEA AGREEMENT |
| 12-4-89 | | CHANGE OF PLEA: Deft withdrew NOT guilty plea to CT 3 of the Indictment and entered a plea of guilty; court accepted the guilty plea and the plea agreement which had been entered into and signed by all parties; CT's 1, 2 and 4 to be dismissed at sentencing; restitution is not a factor; PSI ordered; at request of defense counsel the court directed that the defendant be moved to a facility that can evaluate and treat his medical needs and that can provide security while he awaits sentencing; deft remains in fed. custody. |
| 12-11-89 | 17 | ORDER(GCS) committing deft to Springfield, Missouri for purpose of medical evaluation and treatment;cmtc |
| 3-1-90 | 18 | NOTICE of govern to deft re substantial assistance |
| 3-6-90 | 19 | MOTION of deft to withdraw guilty plea |
| 3-6-90 | 20 | MOTION of deft to compel specific performance of plea agreement |
| 3-14-90 | | HEARING: Re. #19, #20 and sentencing of deft; court denied #19 and denied #20; written order to follow. |
| 3-14-90 | 21 | Exhibit A from hearing by deft |
| 3-14-90 | 22 | Exhibit B from hearing by deft |
| 3-14-90 | 23 | Deft's Objections to PSI |
| 3-14-90 | | SENTENCING: Deft committed to 235 months imprisonment; 5 years supervised release; $50.00 special assessment; no fine; CT's 1,2 & 4 dismissed. |
| 3-15-90 | 24 | JUDGMENT & COMMITMENT ORDER(GCS) |
| 3-19-90 | 25 | MOTION(deft) to include in the record PSI and Info. sub. during Pre-sentence proc. |
| 3-19-90 | 26 | DEFTS NOTICE OF APPEAL OF 3-14-90 JUDGMENT |
| 4-4-90 | 27 | ORDER (GCS) RELATING TO 3-14-90 HEARING RE #19 + #20; cmtc |
| 4-12-90 | | Transcript of 12/4/89 proceedings |
| 4-12-90 | | Transcript of 3/13/90 proceedings |

CONTINUED TO PAGE

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET   U. S. vs

AO 256A

DWAYNE E. HEAD

CR-2-89-154-1
Yr. | Docket No. | Def

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) (b) (c) (d) |
|---|---|---|
| 7-12-90 | RECORD CERTIFIED TO USCA 6th: 1 vol pleadings 2 vol transcripts  1 sealed PSI | |
| 3/25/91 | 28  INFORMATION COPY OF USCA 6th: the district courts judgment is affirmed in part and reversed in part and remanded in part  # 90-3288 | |
| 7/10/91 | 29  ORDER OF USCA 6th: the judgment of deft Swanson is vacated and the case is remanded for further proceedings consistent with the opinion; the judgment of defts Stewart and Black are affirmed; the judgment of deft Head is affirmed in part and remanded in part for further proceedings consistent with the opinion | |
| 7-31-91 | 30  Motion of deft for recusal of trial Judge | |
| 7-31-91 | 31  Motion of deft for substitution of counsel | |
| 8-6-91 | 32  Motion of defense counsel Sherman to withdraw as trial counsel | |
| 8-14-91 | 33  ORDER(GCS) denying #30, #31, and #32;cmtc | |
| 10/8/91 | 34  Govt. Sentencing Submission | |
| 10/8/91 | RESENTENCING: Def. recommitted to 235 Mos. imprisonment, 5 yrs. supervised release, $50.00 sp. assessment, Def. requested the Clerk to file and appeal.  HIS ATTY | |
| 10/11/91 | 35  ORDER (GCS) re: Sentence (attached to J&C) | |
| 10/15/91 | 36  JUDGMENT (Pursuant to remand by 6th Circuit Court of Appeals.) | |
| 10/22/91 | 37  DEFTS NOTICE OF APPEAL OF 10/15/91 ORDER no fees paid # 91-4077 | |
| 11/26/91 | Transcript of proceedings | |
| 12/6/91 | 38  Letter from Def. | |
| 3/11/92 | RECORD Certified to USCA 6th: 1 vol pleadings; 2 vols transcript. | |
| 6/2/92 | 39  INFORMATION COPY from USCA 6th: affirming district Court. | |
| 6/22/92 | 40  Order - Affirmed District Court's decision Mandated | |
| 7/16/92 | Appeal Record Returned from usca 6th | |
| 9/14/92 | 41  Motion to vacate sentence (C-2-92-833) | |
| 10/20/92 | 42  Request (gov) for extension of time | |
| 10/23/92 | 43  Order (GCS) granting #42 | |
| 12/3/92 | 44  Response to #41 mot. to vacate | |
| 12/23/92 | 45  Memo Contra (dft) to #44 | |
| 3/31/93 | 46  Order (GCS) denying #41 | |
| 5/3/93 | 47 - NOTICE OF APPEAL TO USCA 6th | |
| 7/13/93 | 48 - ORDER (GCS) FINDING PROBABLE CAUSE FOR APPEAL | |
| 5/14/93 | Rule 11 to USCA 6th   93-3529 USCA # | |

Interval (per Section II)  Start Date / End Date   Ltr. Tot Code Dat

| DATE | (Document No.) | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY (a) (b) (c) (d) |
|---|---|---|---|
| 8/30/93 | | Record to USCA 6th  1 Vol. pleadings | |
| 12/10/93 | 49 - | Info copy (USCA 6th) 2 Vol. Transcript affirming District Court Order | |
| 1/24/96 | 50 - | Motion to Vacate §2255 | |
| 1/26/96 | 51 - | Order (WMK) gov't to respond to #50 w/in 20 days. | |
| 1/29/96 | 52 - | Memo Contra (gov't) to #50 | |
| 12/13/06 | | Remark: Judge Smith signed Order to transfer supervision to District of Columbia. | |
| 4/14/06 | 53 - | Order transferring supervision to the District of Columbia 07-PT-348-TFH to Judge Thomas Hogan | |

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) 2:89CR00154 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | FILED JAMES BONINI CLERK 2007 FEB 14 P 1:30 U.S. [illegible] SOUTHERN DIST. OHIO EAST. DIV. COLUMBUS | DOCKET NUMBER (Rec. Court) 07-PT-348-TFH |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Dwayne E. Head | DISTRICT Southern District of Ohio | DIVISION Eastern Division |
|---|---|---|
| | NAME OF SENTENCING JUDGE The Honorable George C. Smith United States District Judge | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM November 14, 2006 — TO November 13, 2011 |

OFFENSE
Possession With Intent to Distribute Cocaine Base. 21.841(a)(1)(B)(iii)

FILED
FEB - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "**Southern District of Ohio**"

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Columbia upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

12/13/06
Date

*signature*
United States District Judge
Honorable George C. Smith

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **District of Columbia**

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

Feb. 5, 2007
Effective Date

*signature*
United States District Judge

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By: *signature*
Deputy Clerk

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN MY OFFICE
ON 2/14/07
JAMES BONINI, CLERK
BY: *signature*
Deputy Clerk
DATE: 4/25/07

AO 245 S (3/88) Sheet 1 - Judgment Incl. Sentence Under the Sentencing Reform Act

# United States District Court

FILED
KENNETH A. MURPHY
CLERK

90 MAR 15 AM 11:02

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

SOUTHERN District of OHIO

UNITED STATES OF AMERICA
v.

DWAYNE E. HEAD

(Name of Defendant)

DWAYNE E. HEAD

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

Case Number   CR-2-89-154 (1)

TERRY K. SHERMAN
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __THREE (3) of the Indictment__
☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| Title 21, United States Code, Section 841(a)(1) and Section 841(b)(1)(B)(iii) and Title 18, Section 2 | Possession with intent to distribute cocaine base, crack. | Count 3 |

The defendant is sentenced as provided in pages 2 through __4__ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____,
and is discharged as to such count(s).

☒ Count(s) __ONE, TWO and FOUR of Indictment__ (is)(are) dismissed on the motion of the United States.

☐ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.

☒ It is ordered that the defendant shall pay to the United States a special assessment of $ __50.00__,
which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number:
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

Defendant's mailing address:
in custody

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN MY OFFICE
ON 3/15/90
JAMES BONINI, CLERK
BY: [signature] Deputy Clerk
DATE: 4/25/07

March 14, 1990
Date of Imposition of Sentence

[signature] George C. Smith
Signature of Judicial Officer

THE HONORABLE GEORGE C. SMITH
Name & Title of Judicial Officer

Defendant's residence address:
in custody

March 15, 1990
Date

24

Defendant: DWAYNE HEAD
Case Number: CR-2-89-154(1)

Judgment—Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __235 (two hundred-thirty five) months.__

☐ The Court makes the following recommendations to the Bureau of Prisons:

xx☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district,

☐ at _____ a.m./p.m. on _____ .

☐ as notified by the Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

☐ before 2 p.m. on _____ .
☐ as notified by the United States Marshal.
☐ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____ , with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment—Page 3 of 4

Defendant: DAWYNE E. HEAD
Case Number: CR-2-89-154(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

FIVE (5) YEARS.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Judgment—Page 4 of 4

**Defendant:** DWAYNE HEAD
**Case Number:** CR-2-89-154(1)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

FILED
KENNETH J. MURPHY
CLERK

89 JUL 20 PM 12: 16

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.                                :   NO. CR-2-89-154

DWAYNE E. HEAD,
EDWARD A. BLACK,
DANIEL G. NEAL,
TONY F. SWANSON,
JACOB STEWART

21 U.S.C. §841(a)(1)
18 U.S.C. §2
21 U.S.C. §856(a)(2)
18 U.S.C. §924(c)

**JUDGE SMITH**

INDICTMENT

THE GRAND JURY CHARGES:

COUNT 1

On or about September 14, 1988, in the Southern District of Ohio, DWAYNE E. HEAD did knowingly and intentionally unlawfully distribute cocaine base, commonly referred to as crack, a Schedule II controlled substance.

In violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

COUNT 2

On or about September 16, 1988, in the Southern District of Ohio, DWAYNE E. HEAD did control, as lessee, 1037 East 21st Avenue, Columbus, Ohio, and did knowingly and intentionally make available for use 1037 East 21st Avenue, Columbus, Ohio for the

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED MAY 07/89 ON 7/20/89
JAMES BONINI, CLERK
BY: Deputy Clerk
DATE: 4/25/07

purpose of unlawfully distributing, using, and storing a controlled substance, that is, cocaine base, commonly referred to as crack, a Schedule II controlled substance.

In violation of 21 U.S.C. §856(a)(2) and 18 U.S.C. §2.

## COUNT 3

On or about September 16, 1988, in the Southern District of Ohio, DWAYNE E. HEAD, EDWARD A. BLACK, DANIEL G. NEAL, TONY F. SWANSON, and JACOB STEWART did knowingly and intentionally unlawfully possess with intent to distribute approximately 30 grams of cocaine base, commonly referred to as crack, a Schedule II controlled substance.

In violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

## COUNT 4

On or about September 16, 1988, in the Southern District of Ohio, DWAYNE E. HEAD did knowingly and intentionally unlawfully distribute cocaine base, commonly referred to as crack, a Schedule II controlled substance.

In violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

## COUNT 5

On or about September 16, 1988, in the Southern District of Ohio, DANIEL G. NEAL did knowingly carry a firearm, that is, a .22 caliber Jennings Model J22 revolver, serial number 477064,

during and in relation to a drug trafficking crime, that is, possession with intent to distribute cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1).

In violation of 18 U.S.C. §924(c).

## COUNT 6

On or about September 16, 1988, in the Southern District of Ohio, TONY F. SWANSON did knowingly carry a firearm, that is, a Mossburg .20 gauge shotgun, serial number J805703, during and in relation to a drug trafficking crime, that is, possession with intent to distribute cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

In violation of 18 U.S.C. §924(c).

A True Bill.

_____
Foreman

D. MICHAEL CRITES
United States Attorney

_____
JAMES E. RATTAN
Senior Assistant
United States Attorney

-3-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
KENNETH J. MURPHY
CLERK

89 DEC -4 PM 3:29

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES OF AMERICA

vs.                                :    NO. CR-2-89-154(1)
                                        JUDGE SMITH
DWAYNE E. HEAD

## PLEA AGREEMENT

Plaintiff United States of America and Defendant DWAYNE E. HEAD hereby enter into the following Plea Agreement pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure:

1. Defendant DWAYNE E. HEAD will enter a plea of guilty to Count 3 of the Indictment herein which charges him with possession with intent to distribute in excess of thirty (30) grams of cocaine base in violation of 21 U.S.C. §841(a)(1), 21 U.S.C. §841(b)(1)(B)(iii) and 18 U.S.C. §2.

2. Defendant DWAYNE E. HEAD understands the maximum penalty that may be imposed pursuant to his plea of guilty is a mandatory minimum term of imprisonment for five (5) years, with a forty (40) year statutory maximum, a fine of $2,000,000.00, and a five (5) year term of supervised release.

3. Prior to or at the time of sentencing the defendant will pay to the U.S. Department of Justice a special assessment in the amount of $50.00 as required in 18 U.S.C. §3013.

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN 12/4/89 ON 12/4/89
JAMES BONINI, CLERK
BY: _____ Deputy Clerk
DATE: 4/25/07

16

4. Defendant DWAYNE E. HEAD agrees to testify truthfully and completely concerning all matters pertaining to the Indictment returned herein and to any and all other narcotics violations in which he may have been involved or as to which he may have knowledge. Defendant further agrees to provide a complete statement to authorities of the United States concerning such matters. Defendant agrees to submit to supplemental debriefings on such matters whenever requested by authorities of the United States, whether before or after his plea is entered.

The government agrees that, if the information supplied by the defendant merits it, a motion for substantial assistance will be filed pursuant to §5K1.1 of the Federal Sentencing Guidelines. The defendant understands that the decision to file such motion rests solely with the United States Attorney.

Pursuant to §1B1.8 of the Federal Sentencing Guidelines, the government agrees that any self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the guideline range. The defendant understands that the final decision as to the applicable guideline range rests with the District Court.

5. If such plea of guilty is entered, and not withdrawn, and the Defendant DWAYNE E. HEAD acts in accordance with all other terms of this agreement, the United States Attorney for the Southern District of Ohio agrees to seek leave

of Court at the time of sentencing to dismiss Counts 1, 2, and 4 of the Indictment and not to file additional charges against Defendant DWAYNE E. HEAD based on his activities charged in the Indictment or based on other narcotics violations in the Southern District of Ohio occurring prior to the date of the Indictment and as to which Defendant gives testimony or makes statements pursuant to this agreement.

      6. Defendant DWAYNE E. HEAD understands that this agreement does not protect him from prosecution for perjury, should he testify untruthfully, or for making false statements, nor does it protect him from prosecution for other crimes or offenses as to which he does not make admissions or give truthful information and which the United States discovers by independent investigation. Further, should Defendant DWAYNE E. HEAD fail to comply fully with the terms and conditions set forth herein, this agreement is void and of no effect, and Defendant DWAYNE E. HEAD shall be subject to prosecution as if the agreement had never been made.

      7. It is agreed that if the Court refuses to accept any provision of this Plea Agreement, neither party is bound by any of its provisions, Defendant DWAYNE E. HEAD may withdraw his guilty plea, and the United States Attorney for the Southern District of Ohio may proceed with prosecution pursuant to the Indictment without prejudice.

8. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties.

12/4/95
Dated

*Dwayne Head*
DWAYNE E. HEAD
Defendant

*Terry K. Sherman*
TERRY K. SHERMAN
Attorney for Defendant

D. MICHAEL CRITES
United States Attorney

*Michael J. Burns*
MICHAEL J. BURNS (0023446)
Assistant United States Attorney

4