```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,     :    PT No. 07-348
                              :
         Plaintiff,           :
                              :
v.                            :    Washington, D.C.
                              :    January 20, 2012
DWAYNE E. HEAD,               :
                              :    10:00 a.m.
         Defendant.           :
. . . . . . . . . . . . . . . :    . . . . . . . . . . .




               TRANSCRIPT OF HEARING ON VIOLATION
            BEFORE THE HONORABLE ROYCE C. LAMBERTH
                   UNITED STATES DISTRICT JUDGE



  APPEARANCES:


  For the United States:      CATHERINE K. CONNELLY, AUSA
                              UNITED STATES ATTORNEY'S OFFICE
                              FOR THE DISTRICT OF COLUMBIA
                              555 Fourth Street, NW
                              Washington, D.C.  20530

  For the Defendant:          DANIELLE JAHN
                              FEDERAL PUBLIC DEFENDER'S OFFICE
                              625 Indiana Avenue, NW
                              Suite 550
                              Washington, D.C.  20004

  Court Reporter:             REBECCA STONESTREET, RPR, CRR
                              rrstonestreet@aol.com



 Proceedings reported by machine shorthand, transcript produced
 by computer-aided transcription.
```

**P R O C E E D I N G S**

1
2          COURTROOM CLERK:  PT Action 07-348, the United States
3  of America versus Dwayne E. Head.  Ms. Connelly for the
4  government, Ms. Jahn for the defendant.
5          THE COURT:  Let me have the probation officer set forth
6  on the record, then, the sentence that was handed down in
7  Superior Court.
8          MR. DICK:  Yes, Your Honor.  Mr. Head, on December 16th
9  of 2011, was sentenced to 48 months, followed by three years of
10 supervised release on Count Three, which was threat to kidnap or
11 injure a person, which is considered a felony.  And because it's
12 considered a crime of violence, it is a Grade A violation.
13         THE COURT:  And then what would the guidelines be here?
14         MR. DICK:  30 to 37 months incarceration, Your Honor.
15 But the statute only allows up to 36 months of incarceration.
16         THE COURT:  All right.  Does the government want to
17 allocute first?
18         MS. CONNELLY:  Your Honor, the government is requesting
19 a 30-month sentence to be served consecutive in this matter.  We
20 would note that this is the defendant's 13th arrest and his
21 seventh conviction, and in fact his sixth arrest while he was on
22 supervised release in this matter.  Certainly I think the PSR
23 writer in the Superior Court case said it appropriately when he
24 said:  "The defendant conveys a criminal mindset that says he
25 has no intention of being a productive citizen."

1       And similarly, in the report that is before the Court
2   in this matter, there's a statement that his behavior "appears
3   to be increasingly erratic and violent."
4       Given the fact that he seems unable to both obey this
5   court's order and to behave appropriately, legally, and safely
6   in the community, we do feel that it's appropriate in this
7   instance not only to impose this 30-month sentence, but also to
8   impose it consecutively to the sentence that he's serving in the
9   Superior Court matter.
10      THE COURT:  All right.  Ms. Jahn?
11      MS. JAHN:  Your Honor, I would like to begin by noting
12  that this case was unusual, I think, for the Court, in that he
13  had been released in every other pending case, and we ultimately
14  asked this Court to release Mr. Head to a community confinement
15  center after completion of 6 months, which he did, and was then
16  was out in the community.
17      He was working, he was reporting to his probation
18  officer, he was staying clean, he was addressing his
19  alcohol-related issues that he had had in the past; he had
20  finally moved away from some prior relationships that were very
21  negative and had a negative impact upon him.
22      So how the government characterizes that he's been a
23  danger to the community, I take exception to that, because I
24  believe Mr. Head, by his own demonstration, by his own
25  abilities, he was doing the right thing.  He was working for a

1  construction company full-time, Darrell Green's company;
2  probation had been out to that site and verified that he had in
3  fact been working there.  He was very -- he was doing very well
4  in that job, and only upon conviction via jury trial in
5  Superior Court for the one charge that remained outstanding -
6  all of the other ones were ultimately dismissed - he was
7  convicted and then sentenced to 48 months.
8         Of course Mr. Head is very upset with that
9  determination by the jury, and is appealing that decision.  But
10 if this court is going to impose any incarceration, which I
11 understand it must, we just ask that any term of incarceration
12 be run concurrent to the 48-month term.
13        I also should note that Mr. Head had been very
14 cooperative and working very diligently with Erin Byrne, who
15 used to be his probation officer before he was detained, and
16 then I think Mr. Dick took the case over.  But had she have been
17 here, I think she would have at least articulated that they
18 worked through significant issues, and Mr. Head made a lot of
19 positive strides in addressing some of the issues he's been
20 dealing with his entire life.
21         And I think there should be some accomodation for him
22 with regard to that, and the fact that this man was doing
23 everything he could while out in the community to better
24 himself.  And I think he should receive at least some note for
25 that.  I don't know if Mr. Head wants to address the Court.

5

1    THE COURT:  You can come forward, Mr. Head.  Anything
2 you would like to say, I'm certainly interested in hearing.
3    THE DEFENDANT:  Yes, sir.  Along with what my attorney
4 spoke of, I've actually -- you know, I've had a hard go at it,
5 you know.  I'm not from down here.  I got out of prison after
6 all the years I've done; I lost my son as soon as I come home.
7 And it just happened again this year; this past July when I got
8 out of the halfway house, I had to deal with that.
9    So I start doing things to change my mindset and get
10 rid of the alcohol and drinking and everything.  And since I
11 went to the halfway house, I went through all the programs and I
12 haven't been drinking since.  Regardless of what happens after
13 today, or appeal or whatever, I'm just going to stay strong and
14 just stay focused.
15    THE COURT:  Okay.  Well, based upon the conviction, the
16 Court revokes your period of supervised release in this case.
17 The sentencing commission guidelines actually require that the
18 sentence here -- which I'll give you the minimum under the
19 guidelines, which is 30 months.  But the guidelines do require
20 that it be consecutive unless I find a basis for a departure.
21    Because of your really poor prior record, I can't find
22 a basis for departure, so the 30 months will be consecutive.
23    Good luck on your appeal in the other case.  Thanks
24 very much, counsel.
25    MS. JAHN:  Thank you, Your Honor.

1           MS. CONNELLY:  Thank you, Your Honor.  And there will
2  be no additional period of supervised release?
3           THE COURT:  No additional period of supervised release.
4           (Proceedings adjourned at 10:09 a.m.)
5
6               **CERTIFICATE OF OFFICIAL COURT REPORTER**
7
8       **I, Rebecca Stonestreet, certify that the foregoing is a**
9  **correct transcript from the record of proceedings in the**
10 **above-entitled matter.**
11
12
13
14 **_____                _____**
15 **SIGNATURE OF COURT REPORTER                     DATE**
16
17
18
19
20
21
22
23
24
25