**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**
**AUG 1 3 2014**
Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:07-pt-00348-RCL |
| | ) | |
| **DWAYNE E. HEAD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter came before the Court on defendant's *pro se* motion seeking "relief From Judgment Or Order Under Rule 60(b)(6)," Docket Entry No. 26. The Court has appointed Mr. John Carney, Esq., as counsel for defendant. The parties have submitted a joint "Agreed Recommendation For Resolution Of Defendant's Claim For 'Relief From Judgment Or Order Under Rule 60(B)(6).'" According to that joint pleading and at both parties' request, this Court makes the following findings of fact, conclusions of law, and issues the following Order:

1. Defendant was convicted in 1989 in Ohio of a federal felony drug crime, served his sentence, and was completing his term of post-incarceration supervised release in Washington, D.C.[1] This Court revoked defendant's supervised release in January 2013, and defendant did not

---

[1] In mid-September 1988, in Columbus, Ohio, police arrested defendant and three other men on felony drug charges after raiding a crack-house apartment that defendant had rented. See United States v. Head, 927 F.2d 1361, 1364 (6th Cir. 1991). Thereafter, on December 4, 1989, defendant pled guilty in the United States District Court for the Southern District of Ohio to the crime of unlawful possession with intent to distribute cocaine base. The court imposed a 235-month prison sentence to be followed by five years of supervised release. This sentence was affirmed on appeal. See United States v. Head, 966 F.2d 1455 (6th Cir. 1992) (unpublished decision available at 1992 WL 116000). Later, acting *pro se*, under 28 U.S.C. § 2255, defendant filed a motion under 28 U.S.C. § 2255 attacking his conviction and sentence, which the Ohio federal district court denied, and the Sixth Circuit affirmed the ruling. See Head v. United States, 14 F.3d 601 (6th Cir. 1993) (unpublished decision available at 1993 WL 513926).

Following his release from prison, defendant began serving his five-year supervised release term on November 14, 2006. See Docket Entry No. 4. On February 9, 2007, pursuant to 18 U.S.C. § 3605, jurisdiction over defendant's supervised release was transferred to this Court. See D.E. No. 1. Thereafter, following a jury trial in the Superior Court of the District of Columbia in case 2010-CF2-007288, defendant was found guilty of a felony threats

take a timely appeal. In July 2013, however, defendant filed a *pro se* claim for relief seeking to have the Court vacate and re-impose the order revoking supervised release so that the defendant could note an appeal, even though the time for filing an appeal had expired. The government and defendant have jointly proposed a resolution of this litigation, and have requested that the Court vacate the judgment of revocation and then immediately re-issue it, with no change, so that defendant may take an appeal. In exchange, defendant will withdraw any other claims for relief and agree to make no further attacks on the judgment of revocation, other than to take a timely direct appeal.

2.  Defendant's *pro se* pleading should be treated as brought under 28 U.S.C. § 2255, rather than Fed.R.Civ.P 60(b)(6). See Castro v. United States, 540 U.S. 375, 381 (2003); United States v. Palmer, 353 U.S.App.D.C. 128, 137-141, 296 F.3d 1135, 1144-1148 (D.C. Cir. 2002); see also United States v. Holt, 417 F.3d 1172 (11th Cir. 2005); cf. Figuereo-Sanchez v. United States, 678 F.3d 1203, 1205-1207 (11th Cir. 2012). The parties have elected not to explore the need for defendant to receive what are commonly called "Castro" warnings, given the procedural posture of this matter.[2]

3.  The government does not object to this Court granting defendant's claim for relief

---

crime committed while on bail in another case, and on December 16, 2011, the court sentenced defendant to 48 months in prison. The District of Columbia Court of Appeals affirmed in an unpublished judgment. Head v. United States, No. 11-CF-1673 (D.C. Dec. 5, 2012). On January 20, 2012, this Court revoked defendant's supervised release and sentenced him to 30 months in prison to run consecutively to the Superior Court sentence, with no further supervised release. That revocation was reduced to a written judgment on February 22, 2012.

[2] "Castro warnings" refer to the Supreme Court's requirement that, in cases where a pro se defendant's claim is not styled as brought under § 2255, but which the district court intends to recharacterize as one made under § 2255, the Court must first "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion." Castro v. United States, 540 U.S. 375, 383 (2003).

insofar as necessary to permit defendant to note a timely direct appeal from the revocation of his supervised release and imposition of sentence. The parties have recommended that the Court vacate the judgment of revocation and sentence issued on January 20, 2012, immediately decree the same order of revocation and impose the same sentence, and re-issue the resulting judgment. Defendant has agreed to withdraw any other claims for relief, other than a timely appeal from the Court's judgment which defendant intends to file. Defendant has further agreed that the Court may take this action without a hearing and without the need for defendant's appearance before the Court; through counsel, defendant has advised the Court that he does not wish to return to the District of Columbia for any kind of hearing in this matter. Further, defendant has agreed to bring no other challenge to the judgment of revocation of supervised release, whether in this Court or any other, under any provision of law, civil or criminal, except for the intended direct appeal. Both parties and the Court agree that the Court has the authority to take the proposed action under 28 U.S.C. § 2255. In issuing this order, the Court acknowledges that the agreement of the parties as expressed in the joint pleading, D.E. No. 38, is a fair and just resolution of this litigation.

**THEREFORE**, it is by the Court this 13th day of August 2014,

**ORDERED**, that the judgment of revocation of supervised release entered on February 22, 2012, D.E. No. 24, be, and the same hereby is, **VACATED**; and it is further

**ORDERED**, that the judgment of revocation of supervised release is re-entered as of the date of this order on precisely the same terms, facts, sentence, and conditions, as originally stated in the order listed at D.E. No. 24, with the execution and service of sentence only made *nunc pro tunc* to January 20, 2012; and it is further

**ORDERED**, that defendant's *pro se* motion seeking "Relief From Judgment Or Order Under

3

Rule 60(b)(6)," docketed on April 13, 2014, D.E. No. 31, be, and the same hereby is, ***DENIED***, as moot; and it is further

***ORDERED***, that defendant shall file no further claim for relief in this case, whether *pro se* or through counsel, without prior leave of the Court after receipt of a written statement of no objection to the filing by the government, except for the submission of a timely notice of appeal from this Order.

                                                ROYCE C. LAMBERTH
                                                UNITED STATES DISTRICT JUDGE
                                                FOR THE DISTRICT OF COLUMBIA